# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT DOLEMBA,<br>on behalf of plaintiff and the class defined<br>below, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | 16 C 10651 |
| vs. | ) <br> ) | Judge Wood<br>Magistrate Judge Valdez |
| FORA FINANCIAL, LLC, and<br>FORA FINANCIAL HOLDINGS, LLC,<br>both doing business as FORA FINANCIAL, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**SETTLEMENT AGREEMENT**

**RECITALS AND DEFINITIONS**

1.   Parties.   Defendants Fora Financial, LLC and Fora Financial Holdings, LLC (collectively, "Defendants") and Plaintiff Scott Dolemba ("Plaintiff") individually and as representative of the settlement class of persons defined below in paragraph 5 (the "Settlement Class"), enter into this Settlement Agreement ("Settlement Agreement"). Plaintiff and Defendants are collectively referred to as the Parties.

2.   Nature of Litigation.   In this lawsuit, captioned *Scott Dolemba v. Fora Financial, LLC and Fora Financial Holdings, LLC,* United States District Court, Northern District of Illinois, Eastern Division, docket number 16 C 10651, (the "Litigation"), Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") by causing autodialed calls to be placed to the cell phones of plaintiff and a nationwide class of individuals and entities.

1

3. <u>Denial of Liability</u>. Defendants deny violating the TCPA and ICFA and further deny any liability to Plaintiff and the Settlement Class for the claims alleged. Defendants desire to settle the claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, asserted or unasserted, actual or contingent, that have been or might have been asserted by the Plaintiff or the Settlement Class against Defendants concerning the matters alleged in the complaint in the Litigation.

4. "<u>Settlement Class Counsel</u>" means Edelman, Combs, Latturner & Goodwin, LLC.

5. ' <u>Settlement Class</u>" means all persons, who on or after February 6, 2016, were called two or more times by or on behalf of Defendants Fora Financial, LLC and Fora Financial Holdings, LLC on their cell phones, using an automated dialer or a prerecorded or artificial voice.

6. "<u>Plaintiff</u>" means Scott Dolemba and his heirs, successors, or assigns.

7. "<u>Released Parties</u>" means, Defendants and their respective parent, Business Credit Holdings, LLC; Defendants' respective subsidiaries, affiliates, and sister or sibling companies as of the time of the actions that gave rise to the claims asserted in the Litigation; any of their predecessors and successors in interest; any of their insurers, including but not limited to Certain Underwriters at Lloyd's of London; and any of their past, current and future owners, officers, directors, shareholders, partners, members, employees, affiliates, and agents. The Parties expressly agree that all of these persons and entities that are not signatories to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

8. "<u>Settlement Class Administrator</u>" means the entity retained by Plaintiff with the consent of Defendants and approved by the Court to issue notice to the Settlement Class Members and to administer the settlement.

9. "Settlement Class Member(s)" means Plaintiff and any member of the Settlement Class who does not opt out and is not otherwise excluded from the Settlement Class by the Court.

10. "Released Claims" means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, actual or contingent, asserted or unasserted, which Plaintiff or any other Settlement Class Members now have, did have, or may have in the future against the Released Parties, arising out of an ATDS or prerecorded or artificial voice calls to cellular numbers providing information about Defendants' property, goods, or services and arising under the TCPA, the ICFA or similar state laws governing such matters, including without limitation the claims asserted or which could have been asserted in the Litigation, whether known or unknown, that have accrued as of the date of this Agreement.

11. Plaintiff's Desire to Settle. Plaintiff, individually and on behalf of the Settlement Class (as defined below), desires to settle his claims against Defendants, having considered the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive. Plaintiff represents and warrants that he is the subscriber to the cell phone that received the automated calls at issue in the Litigation at the time the calls were received. The warranties and representations made in this Settlement Agreement survive the execution of this Settlement Agreement.

12. Investigation. Plaintiff's counsel states that they have investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Settlement Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Settlement Agreement.

13.    Agreement.  In consideration of the foregoing and other valuable consideration, the Parties agree to settle the claims of the Plaintiff and the Settlement Class, subject to the Court's approval, on the following terms and conditions.

## TERMS

1.    Incorporation of Recitals and Definitions.  The recitals and definitions set forth herein are incorporated into this Settlement Agreement.

2.    Effective Date.  The Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all of the following: (a) the Court's entry of a Final Approval Order substantially in the form of Exhibit 3, and (b) the expiration of five business (5) days after the date the Final Approval Order becomes final and non-appealable or, if there are appeals, five business (5) days after the date on which the settlement and judgment have been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

3.    Certification of Settlement Class.  Solely for the purposes of settlement, the parties stipulate to the certification of the Settlement Class. Plaintiff, by and through his counsel, proposes that he shall be appointed class representative and that Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC shall be appointed Settlement Class Counsel. The Settlement Class shall be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Defendants do not consent to certification of the Settlement Class for any purpose other than to effectuate this settlement of the Litigation. If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement

4

Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (b) this Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendants reserve all procedural or substantive rights as of the date of execution of this Settlement Agreement.

4. <u>Identification of Settlement Class Members</u>. Based on a review of its records, and following a reasonable investigation of available information and records, Defendants have confirmed that approximately 47,385 unique cell phone numbers were called two or more times by or on behalf of Defendants, which Plaintiff asserts were placed using an autodialer or prerecorded or artificial voice as defined in the TCPA. Defendants shall provide to the Settlement Class Administrator the list of the approximately 47,385 cell phone numbers, including the number of calls to each cell phone number, along with the names, addresses, and email addresses, if available, associated with each unique cell phone number based upon their records (the "Class List").

5. <u>Relief to Plaintiff and the Settlement Class</u>. The following relief shall be provided to Plaintiff and the Settlement Class, subject to the Court's approval:

     a. Defendants and their insurer, Certain Underwriters at Lloyd's of London, shall collectively create a $500,000.00 Settlement Fund ("Settlement Fund") which shall be distributed as set forth below. The $500,000.00 shall consist of a $200,000.00 contribution from Defendants and a $300,000.00 contribution from Certain Underwriters at Lloyd's of London. The entire Settlement Fund will be paid out and there will be no reverter to Defendants or their insurer, Certain Underwriters at Lloyd's of London;

     b. All costs of notice and administration expenses will be paid from the Settlement Fund. The Settlement Fund less these amounts constitutes the Net Settlement Fund; and

5

c. After the notice and administration expenses are deducted from the Settlement Fund, the Net Settlement Fund shall be apportioned as follows, subject to the court's approval:

   i. $10,000.00, or such other amount as may be approved by the Court, shall be paid from the Settlement Fund to Plaintiff as an incentive award in recognition of his services as class representative, in addition to his recovery as a class member;

   ii. Settlement Class Counsel shall be paid attorney's fees in an amount determined by the Court in the Final Approval Order. Settlement Class Counsel shall request no more than 1/3 of the Net Settlement Fund for attorney's fees;

   iii. Each member of the Settlement Class who submits a valid claim form will receive a check for a pro rata distribution of the Settlement Fund per unique cell phone number and for each phone call that was placed by or on behalf of Defendants, after the amounts set forth in subsections (b), (c)(i) and (c)(ii) are distributed. ("Initial Settlement Payment")

   iv. After the distributions identified in (b) and (c)(i)-(iii), if there is sufficient money remaining in the Net Settlement Fund to pay each Settlement Class Member who cashed his/her/its Initial Settlement Payment a minimum of $10 each, , then there shall be a Second Distribution to the Settlement Class Members. ("Second Distribution") The Second Distribution shall occur no sooner than thirty (30) days after expiration of the void dates on the checks from the Initial Settlement Payment.

   v. If there is not sufficient money remaining in the Net Settlement Fund to make a Second Distribution as provided in section (c)(iv) above, such fund remaining in the Net Settlement fund shall be distributed to a *cy pres* charity, consistent with paragraph 11 below.

6. Any award of attorneys' fees and costs and an incentive award to Plaintiff which are approved by the Court may be distributed to them within fourteen (14) days following the Effective Date. Within thirty (30) days following the Effective Date, the Settlement Class Administrator shall distribute the Initial Settlement Payment, which is the remainder of the Net Settlement Fund to the Settlement Class Members who have submitted timely and otherwise valid claim forms in accordance with this Settlement Agreement. In the event that (i) the Settlement

Agreement is terminated pursuant to its terms; (ii) Defendants withdraw from the Settlement Agreement pursuant to Section 8, below or for any other reason; (iii) the Settlement Agreement does not become effective; or (iv) the Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Settlement Class Counsel or the Settlement Class Administrator shall return within three (3) business days following the event all funds paid or otherwise received from the Settlement Fund, less any reasonable costs (which shall not exceed $89,000.00), to Defendants and Certain Underwriters at Lloyd's of London, that were incurred by Settlement Class Counsel to issue notice to the Settlement Class Members.

7.      Settlement Class Members shall have sixty (60) days to submit a claim form, to opt out, or object to the proposed settlement, after notice is initially sent by U.S. Mail.

8.      Defendants shall have the unilateral right to void or rescind the settlement should 50 or more individuals or entities opt-out of the proposed settlement. Defendants' unilateral right to void or rescind must be exercised, if at all, no later than 14 days before the date identified in the Class Notice as the date of the Final Approval hearing, or else the Parties agree that any attempted rescission shall be without effect. Rescission or setting aside is effective only if and when notice of same is filed with the Court and served on counsel of record. In the event that Defendants elect to exercise the right to void or rescind, the settlement shall be deemed void *ab initio* and the Parties shall be deemed to be in the same position as existed prior to the execution of the settlement agreement, except that the exercising party shall bear the costs for notice and settlement administration incurred.

9.      Costs associated with notice, claims administration and distribution of settlement checks shall be paid from the Settlement Fund and shall not exceed $89,000.00.

10.     The settlement checks issued to the members of the Settlement Class for payment of claims under this Settlement Agreement (both Initial Settlement Payment and Second Distribution, if any) will be void after 60 days from the date of issuance. If any Settlement Class Member does not deposit or negotiate the claim payment check issued to such Settlement Class Member within 60 days of the date of issuance of the settlement claim payment check, that Settlement Class Member rescinds and withdraws his, her or its claim for monetary compensation under this Settlement Agreement and has no right to any portion of the Settlement Fund, but remains a member of the Settlement Class and is bound by the terms of this Settlement Agreement.

11.     Undistributed Settlement Funds.  Within thirty (30) days after the last void date of all settlement checks (both Initial Settlement Payment and the Second Distribution, if any) issued to Settlement Class Members, the Settlement Class Administrator will report to the Parties if there are any undistributed amounts remaining in the Net Settlement Fund. Any such undistributed amounts remaining in the Settlement Fund after all payments required under this Settlement Agreement have been made shall be distributed to one or more *cy pres* charities selected by the parties, subject to court approval.  The parties shall identify and submit a memorandum in support of their respective *cy pres* recipient at the time of the final approval of the settlement. No undistributed settlement funds shall revert to Defendants or their insurer, Certain Underwriters at Lloyd's of London. Any distribution to the court approved *cy pres* recipient(s) shall occur no earlier than forty-five (45) days after expiration of the void dates on all settlement checks (both Initial Settlement Payment and the Second Distribution, if any) issued to Settlement Class Members.

12.     Release.  On the Effective Date, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class shall be deemed to have

fully and finally released and discharged the Released Parties from any and all liability for the Released Claims.

13.     This Settlement Agreement may be pleaded as a full and complete defense by the Released Parties to any action, suit, or other proceeding that may be instituted or prosecuted with respect to the Released Claims. Without admitting that California law or the laws of any other state apply to this Settlement Agreement or that the release provided by Plaintiff and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Settlement Class shall be deemed to have waived and shall have expressly waived the provisions and benefits of California Civil Code §1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his, her or its favor at the time of executing the release, which if known by him, her, or it, must have materially affected his, her, or its settlement with the debtor. Further, Plaintiff and the Settlement Class expressly waive any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

14.     If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

15.     Attorneys' Fees, Notice Costs and Related Matters.     The Settlement Class Administrator will administer the Net Settlement Fund for the benefit of the Settlement Class. Defendants will advance from the Settlement Fund to the Settlement Class Administrator or Settlement Class Counsel, the reasonable costs of notice and settlement administration within five (5) days after entry of the Preliminary Approval Order.     Settlement Class Counsel must seek

approval from the Court to withdraw from the Settlement Fund any amount greater than $89,000.00, to cover costs related to issuing notice to the class and administration of the settlement. Settlement Class Counsel will request approval from the Court for attorneys' fees in an amount not to exceed 1/3 of the Net Settlement Fund as set forth in Paragraph 5(c)(ii) of this Settlement Agreement. Settlement Class Counsel will not request additional fees or costs from Defendants, their insurer, Certain Underwriters of Lloyd's of London, or the Settlement Class other than the above-referenced sums. Settlement Class Counsel shall file a Petition for Attorney's Fees at least thirty (30) days prior to the deadline set by the Court in the Preliminary Approval Order to submit claims, opt out or object to the Settlement Agreement. Settlement Class Counsel shall file an accounting detailing the disbursement of the Settlement Fund on or before the date ordered by the Court in the Final Approval Order, or thirty (30) days following any *cy pres* payments if no such date is ordered by the Court.

16.  Notice. By the later of January 8, 2018, or ten (10) business days after entry of the Preliminary Approval Order, the Defendants shall provide the Settlement Class Administrator with the Class List, including the number of calls to each cell phone number, in MS Word or Excel format. Within forty (40) days of entry of the Preliminary Approval Order, the Settlement Class Administrator shall cause the Notice and Claim Form in the form of Exhibit 1 to be sent by First Class U.S. Mail, with a request for forwarding addresses, to addresses associated with the cell phone numbers identified on the Class List to the extent Defendants are in possession of such information. The Settlement Class Administrator will check each address against the United States Post Office National Change of Address Database ("NCOA") prior to the mailing. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Settlement Class Administrator shall forward any such returned notice to the address provided as soon as

practicable. In the event that a notice is returned as undeliverable and without a forwarding address, the Settlement Class Administrator or Settlement Class Counsel shall make a reasonable attempt to locate an email address or an alternative address and/or cure the address deficiency and the Settlement Class Administrator shall forward any such returned notice via email or to the address ascertained as soon as practicable. In the event Defendants' records do not contain a Settlement Class Member's physical or e-mail address, the Settlement Class Administrator shall make reasonable efforts to attempt to ascertain a physical or email address for the Settlement Class Member and send notice either by U.S. Mail or by email to that Settlement Class Member.

Settlement Class Counsel will also post the notice in the form of Exhibit 1, and this Settlement Agreement (excluding exhibits) on their firm's website. Settlement Class Counsel or the Settlement Class Administrator shall provide any Settlement Class Member who contacts either of them and requests a copy of the Notice and/or the Claim Form (Exhibit 1) with the notice.

The Settlement Class Administrator shall create a website that allows for electronic submission of claim forms. Any website created by the Settlement Class Administrator may also post the notice, claim form, the Preliminary Approval Order, and this Settlement Agreement (excluding exhibits). The Settlement Class Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement.

Settlement Class Counsel and/or the Settlement Class Administrator shall retain all documents and records generated during the administration of the settlement including records of notice given to Settlement Class Members, returned mail, records of undelivered mail, claim forms, and payment to Settlement Class Members for a period of one year following the Effective Date. Defendants may inspect such documents, upon reasonable request by their counsel. The Class List and all other documents and records generated during the administration of the

settlement shall be used solely for purposes consistent with notice and administration of this settlement and for no other purpose.

Defendants and their Counsel will be responsible for serving the required Class Action Fairness Act Notice within ten (10) days after the filing of the Preliminary Approval Motion.

17.  <u>Claim Validation</u>.  The Settlement Class Administrator shall match the cell phone number(s) provided by the Settlement Class Member on a returned claim form to a cell phone number on the Class List, and determine the number of calls associated with each unique cell phone number on the Class List. The Settlement Claims Administrator shall determine whether the claim is a duplicate, whether the claim form is signed and examine the claim form for completeness and validity. If the cell phone numbers referenced herein do not match, then Settlement Class Counsel or the Settlement Class Administrator shall follow-up with the Settlement Class Member and inquire if such Settlement Class Member used other phone numbers during the Class Period in an effort to determine the validity of the claim.

Defendants' records will determine the number of calls placed to each Settlement Class Member. In the event of a dispute as to the number of calls placed to each Settlement Class Member, the Settlement Class Member may submit evidence of additional calls to the Settlement Class Administrator. If the number of calls provided by the Settlement Class Member does not match the number of calls on the Class List, and follow up with the Settlement Class Member has not resolved the issue, then the number of calls shall be determined by the Defendants' records, and the Settlement Class Administrator shall notify the Settlement Class Member.

If the cell phone number(s) provided on a claim form do not match a cell phone number on the Class List, and the follow-up with the Settlement Class Member has not resolved the issue, Settlement Class Counsel or the Settlement Class Administrator shall disallow the claim. If a claim

is deemed disallowed by the Settlement Class Administrator, the Settlement Class Administrator must communicate that disallowance of the claim to the Settlement Class Member and Settlement Class Counsel and allow Settlement Class Counsel an opportunity to investigate the basis for disallowing the claim. In the event the Parties disagree as to the validity of any claim form or whether to disallow a claim, then Settlement Class Counsel will present the disputed claim to the Court for resolution.

18.     W-9 Collection. There is a possibility Settlement Class Members will recover more than $599.99, and such Settlement Class Members will be required to submit a W-9 form. The W-9 forms will be issued to Settlement Class Members by the Settlement Class Administrator as required within twenty-one (21) days after the entry of the Final Approval Order. Settlement Class Members will have thirty (30) days to respond to a request to complete a W-9 form. If a Settlement Class Member does not submit a W-9 form, the Settlement Class Administrator will deduct tax withholding from any settlement distribution greater than $599.00. If W-9 forms need to be collected, certain dates set forth in paragraphs 6, 10, and 11 are reset and calculated as follows: within thirty (30) days following the expiration of time for Settlement Class Members to complete a W-9 form, the Settlement Class Administrator shall make a distribution to the Settlement Class Members who have submitted valid claims in accordance with paragraph 5(c)(iii) and 10; settlement checks to the Settlement Class Members will be void sixty (60) days from date of issuance; and within thirty (30) days following the void date on the Settlement Class Members' checks, any remaining funds, the disposition of which will be determined by the Court, will be distributed to cy pres in accordance with paragraphs 5(c)(v) and 10.

19.     Right to Object.  Any Settlement Class Member may object to the Settlement Agreement and appear in person or through counsel, at his, her or its own expense. The deadline

to object shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that it be at least sixty (60) days after the Settlement Class Administrator sends Notice. Any Settlement Class Member may object to the Settlement Agreement by filing an objection with the Court and mailing a copy of the objection to Settlement Class Counsel and separately to Defendants' Counsel. Any objection must include: (a) the name (or business name, if the objector is an entity), address, and cell phone number to which the call(s) was placed; (b) a statement of the objection to the Settlement Agreement; (c) an explanation of the legal and factual basis for the objection; and (d) documentation, if any, to support the objection.

20.     <u>Right of Exclusion</u>.  All Settlement Class members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class members pursuant to this Settlement Agreement. A request for exclusion must be in writing and state the name, address, and cell phone number (to which the call(s) were made) of the person(s) or entity seeking exclusion. Each request must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed to Settlement Class Counsel and separately to Defendants' Counsel at the address provided in the notice and postmarked or received by Settlement Class Counsel and Defendants' Counsel on such date as set by the Court. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the notice, or that is not postmarked or received by Settlement Class Counsel and Defendants' Counsel within the time specified, shall be invalid and the person(s) serving such a request shall remain a Settlement Class member and shall be bound by the terms of the Settlement Agreement, if approved. Settlement Class members shall

14

have at least sixty (60) days from the date Notice is sent by the Settlement Class Administrator to opt out of the Settlement.

21. <u>Preliminary Approval</u>. As soon as practicable after execution of this Settlement Agreement but by no later than December 11, 2017, Settlement Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and on December 14, 2017, or such other date as may be established by the Court, shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of <u>Exhibit 2</u> or in such other form which is mutually acceptable to the Parties.

22. <u>Final Approval</u>. Settlement Class Counsel shall file a memorandum in support of final approval of the settlement at least seven (7) days prior to the date the Court sets for the final approval hearing. The Parties shall request the Court to enter a Final Approval Order substantially in the form of <u>Exhibit 3</u>, or in another form which is mutually acceptable to the Parties. Pursuant to the Class Action Fairness Act, the Final Approval Order shall not be entered until the expiration of at least one hundred and twenty (120) days from the date the Preliminary Approval Order was entered. Entry of a Final Approval Order substantially in the form of <u>Exhibit 3</u> or in another form which is mutually acceptable to the Parties is a condition precedent to this Settlement Agreement becoming fully effective. In the event a Final Approval Order substantially in the form of <u>Exhibit 3</u> or in another form which is mutually acceptable to the Parties is not entered, then (i) this Settlement Agreement shall be null and void and is rescinded; (ii) the Preliminary Approval Order and any other orders entered by the Court in connection with the settlement of this Litigation shall be vacated; (iii) the Parties shall be returned to the position they were in prior to the execution of this Settlement Agreement; and (iv) this Litigation shall proceed as though this Settlement Agreement was never executed.

23. <u>Class Enjoined.</u>   On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, or assignee) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or make any claim for any other administrative, regulatory, or other proceeding against Defendants (and their employees, affiliates, subsidiaries, members and managers and attorneys) about the Released Claims, to the extent he or she exists; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

24. The fact that the Court may require non-material changes to documents attached as <u>Exhibits 1 - 3</u> does not invalidate this Settlement Agreement.

25. <u>Release of Attorneys' Lien.</u>   In consideration of this Settlement Agreement, Settlement Class Counsel hereby waives, discharges and releases the "Released Parties," as defined in paragraph 7 of the Recitals and Definitions above, of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with this Litigation, other than the amount awarded by the Court as specified above.

26.     Delivery of Settlement Fund. Defendants and their insurer, Certain Underwriters at Lloyd's of London, shall issue a check or wire the amount of the Settlement Fund less the amount advanced for notice and administration costs to the Settlement Class Administrator within ten (10) days after the Effective Date. Once the payment is made in accordance with this paragraph, Defendants shall have no further payment obligation to Plaintiff or the Settlement Class, and Defendants shall have no obligation or duty to monitor, supervise or control disbursements from the Settlement Fund.

27.     Dismissal Order. Once the Settlement Fund has been paid and the checks have cleared, the parties will file a stipulation of dismissal and request entry of an order stating that the Parties will take the actions required to fulfill their obligations under the Settlement Agreement. In the event that Defendants or their insurer, Certain Underwriters at Lloyd's of London, fail or refuse to make the payments pursuant to paragraph 26, Defendants agree, that at the option of Settlement Class Counsel, the Final Approval Order may be vacated pursuant to Fed. R. of Civ. Procedure 60(b), this Agreement shall be rescinded and this action shall be reinstated as if this Agreement never existed.

28.     Applicable Law. This Settlement Agreement shall be governed by and interpreted in accordance with the state law of the State of Illinois.

29.     Miscellaneous Provisions. The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein. Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in

17

no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

30.   Benefit of this Settlement Agreement.  This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, Defendants, the Released Parties, and Settlement Class Members, and each of their respective successors and personal representatives, predecessors, affiliates, heirs, executors and assigns. It is expressly understood by the Parties that the individuals or entities of the Released Parties that are not signatories to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

31.   Authority.  The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations hereunder.

32.   Entire Agreement.  Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. This Settlement Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

33.   Counterparts.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

34.   Headings.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of the same.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

**PLAINTIFF**

*Scott Dolemba*

Dated: _12·12·2017_

**DEFENDANTS**

*Fora Financial, LLC*

By: Lewis S. Wiener

Its: Attorney-in-Fact

Dated: December 12, 2017

*Fora Financial Holdings, LLC*

By: Lewis S. Wiener

Its: Attorney-in-Fact

Dated: December 12, 2017

**DEFENDANTS' INSURER**

*Certain Underwriters at Lloyd's of London*

By:

Its:

Dated:

19

**SETTLEMENT CLASS COUNSEL**

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
*Counsel for Plaintiff and the Settlement Class*

Dated: December 12, 2017

**DEFENDANTS' COUNSEL**

Lewis S. Wiener
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street NW, Suite 700
Washington, D.C. 20001
(202) 383-0100
(202) 637-3593 (FAX)

Michael L. Brooks
BOODELL & DOMANSKIS
One North Franklin, Suite 1200
Chicago, IL 60606
(312) 938-4070
(312) 540-1162 (FAX)
*Counsel for Defendants Fora Financial, LLC and
Fora Financial Holdings, LLC*

Dated:

**SETTLEMENT CLASS COUNSEL**

_____

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
*Counsel for Plaintiff and the Settlement Class*

Dated:_____

**DEFENDANTS' COUNSEL**

_____

Lewis S. Wiener
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street NW, Suite 700
Washington, D.C. 20001
(202) 383-0100
(202) 637-3593 (FAX)

Michael L. Brooks
BOODELL & DOMANSKIS
One North Franklin, Suite 1200
Chicago, IL 60606
(312) 938-4070
(312) 540-1162 (FAX)
*Counsel for Defendants Fora Financial, LLC and*
*Fora Financial Holdings, LLC*

Dated: December 12, 2017

# **<u>EXHIBIT 1</u>**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT:**

*DOLEMBA v. FORA FINANCIAL, LLC and FORA FINANCIAL HOLDINGS, LLC*
Case No. 16 C 10651

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT. PLEASE READ THIS NOTICE CAREFULLY FOR INFORMATION ABOUT THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

### WHAT IS THIS LAWSUIT ABOUT?

Scott Dolemba ("Plaintiff") sued Fora Financial, LLC and Fora Financial Holdings, LLC (collectively, "Defendants") alleging that Plaintiff received autodialed calls on his cellular phone in violation of the Telephone Consumer Protection Act ("TCPA") and the Illinois Consumer Fraud Act. Defendants deny these allegations, but agreed to settle to avoid the costs and uncertainties of litigation.

### WHO IS INCLUDED IN THE SETTLEMENT?

Defendants' records show that your cellular phone number was on the list of cellular phone numbers of individuals and entities who were called two or more times by or on behalf of Defendants after February 6, 2016, and may be included in the Settlement. Specifically, the Court certified a "Settlement Class" of: all persons, who on or after February 6, 2016, were called two or more times by or on behalf of Defendants Fora Financial, LLC and Fora Financial Holdings, LLC on their cell phones, using an automated dialer or a prerecorded or artificial voice.

### THE PROPOSED SETTLEMENT

Defendants and their insurer, Certain Underwriters at Lloyd's of London, shall collectively create a $500,000 Settlement Fund. Before making payments to Settlement Class members, the Settlement Fund will be used to pay notice and administrative expenses (in an amount not to exceed $89,000), an incentive award to Plaintiff (an amount not to exceed $10,000) and attorneys' fees and costs (an amount not to exceed 1/3 of the Net Settlement Fund or no less than $137,000). Settlement Class Counsel will file a Petition for Attorney's Fees by DATE, 2018. Each member of the Settlement Class who does not opt-out will receive an equal *pro rata* share of the Net Settlement Fund, per unique cell phone number and for each phone call that was placed by or on behalf of Defendants based on the information in Defendants' call records. Your share of the Settlement Fund depends on how many members of the Settlement Class submit valid claims and the number of calls represented by those claims. This notice is being sent to approximately 47,385 members of the Settlement Class who received two or more calls from Defendants.

### WHO REPRESENTS YOU

The Court appointed Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner, & Goodwin, LLC as Settlement Class Counsel to represent the Settlement Class.

1

**YOUR LEGAL RIGHTS AND OPTIONS**

**(1) Remain a Member of the Settlement Class and Submit a Claim Form to Receive a Portion of the Settlement Fund.** In order to receive a payment under this settlement, you must fully complete and submit the Claim Form at the end of this notice in the manner indicated (see instructions on Claim Form) by **DATE, 2018**. If you do not submit a fully completed Claim Form by the date indicated you will not receive payment, you will still remain a member of the Settlement Class and be bound by the terms of the Settlement Agreement. Under federal tax laws, if you receive a payment in excess of $599.99, the person making the payment is required to obtain a form W-9 from you. It is a 1 page form that asks for basic identification information. If you are entitled to recover payment in excess of $599.99, then you must also submit a completed W-9 form, which will be sent to you after the Final Approval Hearing. If you are entitled to recover payment in excess of $599.99 and you do not submit a completed W-9 form, then the Settlement Class Administrator will deduct tax withholdings from the settlement payment.

**(2) Opt-Out / Exclude Yourself.** If you do not wish to participate in the Settlement you may exclude yourself from it by **DATE, 2018** by sending (via US Mail) a letter to Settlement Class Counsel at Edelman, Combs, Latturner & Goodwin, LLC (33236), 20 S. Clark Street, Suite 1500, Chicago, IL 60603 and Defendants' Counsel, Lewis S. Wiener, Eversheds Sutherland (US) LLP, 700 Sixth Street NW, Washington, D.C. 20001The Notice of Exclusion must state your name or your company's name, address, the cell phone number to which the call(s) were made, the case name and number, and state that you wish to be excluded from the Settlement Class. If you exclude yourself from the Settlement, *you will not receive a payment* and *you will not release any claims* against Defendants or the Released Parties.

**(3) Object.** If you do not exclude yourself, you can file an objection, either on your own or through an attorney, explaining why you think the Court should not approve the settlement. The objection must contain the case name and number; your name and address; the cell phone number to which the call(s) were placed; a statement of your objection; an explanation of the legal and factual basis for the objection; and documentation, if any, to support your objection. The objection must be filed by **DATE, 2018** with (1) the Clerk of the United States District Court, Northern District of Illinois at 219 S. Dearborn St., Chicago, IL 60604; and sent via first class U.S. Mail to (2) Edelman, Combs, Latturner, & Goodwin, LLC (33236), 20 S. Clark St., Suite 1500, Chicago, IL 60603; (3) Lewis Wiener, Eversheds Sutherland (US) LLP, 700 Sixth Street NW, Suite 700, Washington, D.C. 20001.

**(4) Do Nothing.** You are not required to take any action and may simply do nothing. If you do nothing, you will remain a member of the Settlement Class but you will not receive a cash recovery and will be bound by all the terms of the Settlement Agreement including but not limited to a release of any claim(s) you may have against the Defendants and Released Parties for any telephone calls made to your cellular telephone using an automatic telephone dialing systems or a prerecorded message or artificial voice.

**WHAT AM I GIVING UP UNDER THE SETTLEMENT?**

If the Settlement becomes final, you will be releasing Fora Financial, LLC and Fora Financial Holdings, LLC and the Released Parties for any claims you may have relating in any way to any telephone calls made to your cellular phone using an automatic telephone dialing system or prerecorded or artificial voice providing information about Defendants' property, goods, or services. The Released Claims are fully explained in the Settlement Agreement, available at www.edcombs.com and [settlement class administrator's website] or at the Clerk's Office, during regular business hours, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604.

## FINAL APPROVAL HEARING

The Court has scheduled a Final Approval Hearing before Judge Wood on **DATE, 2018** at **TIME** in Courtroom 1925 of the United States District Court, Northern District of Illinois at 219 S. Dearborn St., Chicago, IL 60604. You do not have to appear at this hearing. You or your attorney may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement.

## MORE INFORMATION

More information is available at www.edcombs.com and [settlement class administrator's website]. You may also inspect the pleadings and other papers that have been filed in this case at the office of the Clerk of the Court, United States District Court, Northern District of Illinois at 219 S. Dearborn St., Chicago, IL 60604. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at (312) 739-4200. **DO NOT CONTACT THE COURT OR DEFENDANTS FOR INFORMATION.**

**BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.**

3

## CLAIM FORM

### *DOLEMBA v. FORA FINANCIAL, LLC AND FORA FINANCIAL HOLDINGS, LLC*
*Case No. 16 C 10651 (N.D. Ill.)*
**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE <u>DATE, 2018</u> TO THE FOLLOWING:**

**CLASS ADMINISTRATOR
ADDRESS
CITY, STATE ZIP CODE
website**

**INSTRUCTIONS:** You must provide all required information below and sign the claim form and submit a claim on the [settlement administrator's website] or mail the claim form. You may be required to submit a W-9 form if the value of your claim exceeds $599.99. It is a 1 page form that asks for basic information. If you are required to submit a W-9 form and do not do so, the Settlement Class Administrator will deduct tax withholding from your settlement payment. Payment will be based on the number of calls to each claimant's cell number based on Defendants' call records.

Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBSCRIBED TO THE CELLULAR LINE (a subscriber is the person or entity that maintained the account with the telecommunications company at the time the calls were received):

**Name**

| Last |
| First |

**Company Name (if applicable)**

**Address:**

| Line 1: |
| Line 2: |
| City/St/Zip |

**Cellular Phone Number (area code-number)** to which the call(s) were placed:

| Telephone | | | | - | | | | - | | | | |

Verification:
I submit that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____          Date: _____
        Signature

_____
Print name

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS
ON FILE WITH THE CLASS ADMINISTRATOR.**

4

# **EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DOLEMBA,<br>on behalf of plaintiff and the class defined<br>below, | ) ) ) ) | |
| Plaintiff, | ) ) | 16 C 10651 |
| vs. | ) ) | Judge Wood<br>Magistrate Judge Valdez |
| FORA FINANCIAL, LLC, and<br>FORA FINANCIAL HOLDINGS, LLC,<br>both doing business as "FORA FINANCIAL", | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR
## PRELIMINARY APPROVAL OF SETTLEMENT

The Motion of Plaintiff Scott Dolemba ("Plaintiff") for Preliminary Approval of Class

Action Settlement and Notice to the Class, which is unopposed by Defendants Fora Financial, LLC

and Fora Financial Holdings, LLC (collectively, "Defendants") came on for hearing on December

14, 2017.

Having considered Plaintiff's moving papers, the signed Settlement Agreement (the

"Settlement Agreement") attached as Appendix A to Plaintiff's Motion for Preliminary Approval,

all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises,

and good cause having been shown, the Court hereby finds that:

(a)     The settlement proposed in the Settlement Agreement has been negotiated in good

faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the

best interests of the Settlement Class (as defined below).

(b)     The Class Notice (as described in the Settlement Agreement) fully complies with

Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable

1

under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons, who on or after February 6, 2016, were called two or more times by or on behalf of Defendants Fora Financial, LLC and Fora Financial Holdings, LLC on their cell phones using an automated dialer or a prerecorded or artificial voice.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and

adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     The Court preliminarily appoints Plaintiff Scott Dolemba as Class Representative of the Settlement Class and finds that he meets the requirements of Fed. R. Civ. P. 23.

4.     The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23:  Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5.     If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose.  If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated.  Defendants retain the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6.     The Settlement Class Administrator shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement.  The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23.  That plan is approved and adopted.

7.     The Settlement Class Administrator is Class-Settlement.com.

8.     The form of notice that the Settlement Class Administrator will provide is attached as Exhibit 1 to the Settlement Agreement.  Within forty (40) days after entry of this order, the Settlement Class Administrator shall send the Notice and Claim Form via First Class U.S. Mail, with a request for forwarding addresses, substantially in the form of Exhibit 1, to those identified on the Class List.  The Settlement Class Administrator will check each address against the NCOA database prior to mailing.  Class Counsel will also publish the notice in the form of Exhibit 1, and the Settlement Agreement (excluding exhibits) on their firm's website.  The Settlement Class Administrator shall create a website that allows for electronic submission of claim forms and the website may also post the notice, claim form, this Order, and the Settlement Agreement (excluding exhibits).  This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit.  The Court finds that no other notice is necessary.  The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

9.     To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a)     Claim Forms shall be returned by Class Members to the Settlement Class Administrator via the secure website or by mail, postmarked on or before DATE, 2018. Claims not submitted by this date shall be barred.

(b)     Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Settlement Class Counsel and Defendants' Counsel on or before DATE, 2018, or shall be forever barred. Each objection must contain the following information: (i) the objector's name (or business name, if the objector is an entity), and address; (ii) the cellular telephone number to which the call(s) were placed for the person(s) or entity objecting to the Settlement Agreement; (iii) a statement of the objection to the Settlement Agreement; (iv) an explanation of the legal and factual basis for the objection; and (v) documentation, if any, to support the objection.

(c)     All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Class Counsel and counsel for Defendants by mail postmarked on or before DATE, 2018, or shall be forever barred.

(d)     Requests by any Class Member to opt out of the settlement must be mailed to Settlement Class Counsel and Defendants' Counsel on or before DATE, 2018, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name, address, and the cellular telephone number (to which the

call(s) were made) and (b) a statement to the effect that the Class Member does not want to participate in the settlement.

10.     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than <u>DATE, 2017</u>.

11.     Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by <u>DATE, 2018</u>.

12.     The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on <u>DATE, 2018 at TIME  a.m.</u>

13.     All papers in support of the Settlement Agreement shall be filed no later than <u>DATE, 2018</u>. Any responses to objections shall be filed with the Court on or before <u>DATE, 2018</u>. There shall be no replies from objectors.  The parties shall make any *cy pres* recommendations by <u>DATE, 2018</u>.

14.     In the event that the settlement does not become final and the Effective Date as that term is defined in the Settlement Agreement does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

15.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

16.     Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund.  Defendants shall advance costs of notice and administration from the Settlement Fund (not to exceed $89,000) to the Settlement Class Administrator or Settlement Class Counsel within five (5) days after entry of this Order.

Defendants shall provide the Class List in MS Word or Excel format to the Settlement Class Administrator by the later of January 8, 2018 or ten (10) business days after this Order is entered.

17.     Class Counsel to file their fee petition by <u>DATE, 2018</u>, thirty (30) days prior to the deadline for Class Members to submit objections.


ENTERED:


Dated: _____          _____
                                         United States District Judge

7

# **<u>EXHIBIT 3</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SCOTT DOLEMBA,                                )
on behalf of plaintiff and the class defined  )
below,                                         )
                                               )
        Plaintiff,                      )      16 C 10651
                                               )
        vs.                             )      Judge Wood
                                               )      Magistrate Judge Valdez
FORA FINANCIAL, LLC, and                       )
FORA FINANCIAL HOLDINGS, LLC,                   )
both doing business as "FORA FINANCIAL",       )
                                               )
        Defendants.                     )

## FINAL APPROVAL ORDER

On [DATE], 2017, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Scott Dolemba ("Plaintiff"), on his own behalf and on behalf of the Settlement Class (as defined below), and Defendants Fora Financial, LLC and Fora Financial Holdings, LLC (collectively, "Defendants"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On [DATE], 2018, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. [No persons appeared in Court seeking to address the proposed settlement.] Having considered the Parties' Settlement Agreement, Plaintiff's Fee Petition, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

1

**IT IS HEREBY ORDERED THAT:**

1.     This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2.     The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.     This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.   Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.  Attached hereto as *Exhibit A* is a list of all opt-outs.

**Class Certification**

4.     The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons, who on or after February 6, 2016, were called two or more times by or on behalf of Defendants Fora Financial, LLC and Fora Financial Holdings, LLC on their cell phones, using an automated dialer or a prerecorded or artificial voice.

5.     The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.     Scott Dolemba is designated as a representative of the Settlement Class.

7.     Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

### Class Notice

8.     The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Settlement Class.

9.     With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by First Class U.S. Mail, with a request for forwarding addresses to each Settlement Class Member whose identity could be identified through reasonable effort.  Notice was also provided by email if an e-mail address was available.  Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on their firm's website, www.edcombs.com.  The Class Notice and Settlement Agreement (without exhibits), and Preliminary Approval Order, were also posted on [settlement class administrator's website].  These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of          valid and timely claim forms were submitted (x%).

### Objections and Opt-Outs

10.     [No objections were filed by Class Members.]

3

11.     A total of ____ entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are:   [identify opt outs] Dkt. Nos. ##.

### Class Compensation

12.     In accordance with the terms of the Settlement Agreement, Defendants and their insurer, Certain Underwriters at Lloyd's of London, shall collectively create a $500,000.00 Settlement Fund, less any costs advanced for notice and administrative expenses, pursuant to the Settlement Agreement.  No portion of the Settlement Fund shall revert back to Defendants or their insurer, Certain Underwriters at Lloyd's of London.

### Releases

13.     Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

14.     The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $ ____ as an award of attorney's fees to be paid from the Settlement Fund within 14 days of the Effective Date, and finds this amount of fees is fair and reasonable.

15.     The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $ _____ to Scott Dolemba.  The Court finds that this payment is justified by the Class Representative's service to the Settlement Class.  This payment shall be made from the Settlement Fund within 14 days of the Effective Date.

**Other Provisions**

16.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17.     Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18.     The Court orders Defendants and their insurer, Certain Underwriters at Lloyd's of London, to deliver the Net Settlement Fund to the Client Trust Account of Settlement Class Counsel, consistent with the terms of the Settlement Agreement.

19.     The Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as more fully set forth in the Settlement Agreement.

20.     Settlement Class Counsel or the Settlement Class Administrator shall make the *cy pres* payment to [identify *cy pres* recipient] no earlier than forty-five (45) days after expiration of the void date on the Settlement Class Members' checks.

21.     Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement by [DATE], 2018.

5

22.     Class-Settlement.com shall be the Class Administrator to make claim payments and issue and collect W-9 forms.  The Settlement Class Administrator shall send out W-9 forms on DATE, 2018.  Settlement Class Members will have thirty (30) days to respond to a request to complete a W-9 form.  If a Settlement Class Member does not submit a W-9 form, taxes will be withheld from their recovery.

23.     A hearing on the final accounting of the settlement and for entry of a dismissal order is set for [DATE], 2018 at TIME.

ENTER:

Dated: _____            _____
                                            United States District Judge