**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT DOLEMBA, <br> on behalf of plaintiff and the class defined below, <br><br> Plaintiff, <br><br> vs. <br><br> FORA FINANCIAL, LLC and <br> FORA FINANCIAL HOLDINGS, LLC, <br> both doing business as "FORA FINANCIAL," <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 16-cv-10651 <br><br> Judge Andrea R. Wood <br> Magistrate Judge Maria Valdez |

## FINAL APPROVAL ORDER

On December 14, 2017, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Scott Dolemba ("Plaintiff"), on his own behalf and on behalf of the Settlement Class (as defined below), and Defendants Fora Financial, LLC and Fora Financial Holdings, LLC (collectively, "Defendants"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On May 15, 2018, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Fee Petition, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Final Approval Order and the Settlement Agreement. Sure Me, LLC and Yohana Perdomo have opted out of the settlement. *Dkt. Nos. 56-57.*

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons, who on or after February 6, 2016, were called two or more times by or on behalf of Defendants Fora Financial, LLC and Fora Financial Holdings, LLC on their cell phones, using an automated dialer or a prerecorded or artificial voice.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Scott Dolemba is designated as a representative of the Settlement Class.

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

### Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by First Class U.S. Mail, with a request for forwarding addresses to each Settlement Class Member whose identity could be identified through reasonable effort. Notice was also provided by email if an e-mail address was available. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on their firm's website, www.edcombs.com. The Class Notice and Settlement Agreement (without exhibits), and Preliminary Approval Order, were also posted on www.Class-Settlement.com/forafinancial. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of 3,287 valid and timely claim forms were submitted (7%). Plaintiff's request to allow the 36 late claims is allowed.

**Objections and Opt-Outs**

10. No objections were filed by Class Members.

11. Two persons/entities have validly requested exclusion from the Settlement Class. The persons/entities that have validly opted out of the settlement are: Sure Me, LLC and Yohana Perdomo. *Dkt. Nos 56-57.*

**Class Compensation**

12. In accordance with the terms of the Settlement Agreement, Defendants and their insurer, Certain Underwriters at Lloyd's of London, shall collectively create a $500,000.00 Settlement Fund, less any costs advanced for notice and administrative expenses, pursuant to the Settlement Agreement. No portion of the Settlement Fund shall revert back to Defendants or their insurer, Certain Underwriters at Lloyd's of London.

**Releases**

13. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

**Award of Attorneys' Fees, Costs, and Incentive Award**

14. The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $137,000.00 as an award of attorney's fees to be paid from the Settlement Fund within 14 days of the Effective Date, and finds this amount of fees is fair and reasonable.

15. The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $10,000.00 to Scott Dolemba. The Court finds that this payment

is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund within 14 days of the Effective Date.

## Other Provisions

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Court orders Defendants and their insurer, Certain Underwriters at Lloyd's of London, to deliver the Net Settlement Fund to the Client Trust Account of Settlement Class Counsel, consistent with the terms of the Settlement Agreement.

19. The Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as more fully set forth in the Settlement Agreement.

20. Settlement Class Counsel or the Settlement Class Administrator shall make the *cy pres* payment to EPIC no earlier than forty-five (45) days after expiration of the void date on the Settlement Class Members' checks.

21. Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement as defined in the Settlement Agreement by April 10, 2019, if there is no Second Distribution. If there is a Second Distribution, Class Counsel and/or the Class Administrator shall file an affidavit of final accounting by July 10, 2019.

22. Class-Settlement.com shall be the Class Administrator to make claim payments.

23. A hearing on the final accounting of the settlement and for entry of a dismissal order is set for July 24, 2019 at 9:00 a.m.

**SO ORDERED.**

Dated: November 28, 2018

_____
Andrea R. Wood
United States District Judge